IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>JASON PASSERO,<br><br>    Defendant. | 8:16-CR-144<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendant's Motion for Reconsideration. Filing 61.[1] On May 18, 2020, the Court entered a Memorandum and Order denying Defendant's request for compassionate release. *See* Filing 60. This matter was reassigned to the undersigned judge on November 16, 2020 after the untimely and unexpected death of Senior Judge Laurie Smith Camp. The Court's incorporates by reference Judge Smith Camp's previous Memorandum and Order, which includes a summary of Defendant's sentencing history.

Defendant seeks reconsideration of the Court's previous Memorandum and Order. The Court notes the Eighth Circuit has so far declined to "decide whether to import the civil motion for reconsideration standard into the criminal context." *United States v. Luger*, 837 F.3d 870, 875-76 (8th Cir. 2016). Nevertheless, in civil cases, a motion to reconsider serves the limited purposes of correcting manifest factual or legal errors and presenting newly discovered evidence. *Id.*

Defendant argues that his motion for reconsideration should be granted based on newly discovered evidence. However, the basis for Defendant's motion for reconsideration is largely the same as his prior motion for compassionate release. Defendant submitted a detailed medical history that includes documentation to support his claims that he is at a higher risk of complications

---

[1] Defendant filed another document as a motion, Filing 62, that contains Defendant's evidence but no actionable request. The Clerk of Court will be directed to terminate Filing 62 as a motion event.

of COVID-19. He also presented further argument that release would allow him to care for his son. These arguments and evidence were considered by the Court in denying Defendant's prior motion for compassionate release and do not constitute newly discovered evidence. Further, even if the Court did consider the additional evidence, the Court still would not grant compassionate release for the reasons stated below.

The only new evidence since Defendant last moved for compassionate release is that his facility—FPC Duluth—has experienced a surge in COVID-19 cases. As noted in the Court's previous Memorandum and Order, when considering whether compassionate release is appropriate, the Court must consider the sentencing factors set out in 18 U.S.C. § 3553(a), including a defendant's history and characteristics, the need to avoid unwarranted sentencing disparities, protection of the public, promotion of respect for the law, general deterrence, and specific deterrence. The Court has thoroughly reviewed the record—including Defendant's medical evidence—and concludes that a reduction of his sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[2] Defendant's criminal history and the nature of his sentence are unchanged by Defendant's additional evidence. Because the Court finds no material errors in its prior judgment, and for the reasons stated in its previous Memorandum and Order, Filing 60, Defendant's motion is denied.

IT IS ORDERED.

1.   Defendant's Motion for Reconsideration, Filing 61, is denied;

---

[2] The specific factors considered by the Court factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).

2. The Clerk is directed to terminate the motion event at Filing 62; and

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 21st day of December, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge